# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BERTOLA, | 1:09-cv-02135-SMS (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING THIRTY DAYS TO COMPLY WITH COURT'S DECEMBER 22, 2009 ORDER |
| v. | |
| JAMES HARTLEY, | [Doc. 11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  (Court Doc. 8.)

On December 2, 2009, the instant petition for writ of habeas corpus was transferred to this Court from the United States District Court for the Northen District of California.  On December 22, 2009, the undersigned dismissed the petition with leave to amend.  (Court Doc. 9.) Petitioner now moves for reconsideration of the undersigned's order dismissing his petition with leave to amend. (Court Doc. 11.)

A United States Magistrate Judge may obtain jurisdiction by consent of the parties.  See 28 U.S.C. § 636.  On December 17, 2009, Petitioner indicated that he consented to have the undersigned Magistrate Judge issue all dispositive rulings in this case pursuant to 28 U.S.C. § 636(c).  That subsection provides that the magistrate judge "may conduct any or all proceedings

1

in a jury or nonjury civil matter and order the entry of judgment. . . ." In such cases, the Magistrate Judge sits as the District Judge, and therefore rules on all matters in the case.

It now appears that Petitioner mistakenly believes that despite his consent to Magistrate Judge jurisdiction, he has recourse by way of a motion for reconsideration before a district judge. However, when a party has consented to proceed before a magistrate judge, as Petitioner did, that party should file a motion for reconsideration with the magistrate judge who issued the order. Therefore, Petitioner is not entitled to reconsideration by a district judge and his request is denied. The undersigned will construe Petitioner's motion to request reconsideration by the undersigned of the December 22, 2009 order dismissing the petition with leave to amend.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Petitioner's motion for reconsideration is his disagreement with the Court's screening decision and the Court's application of the law to his complaint. Petitioner has not

shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Petitioner's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

Petitioner's motion for reconsideration is HEREBY DENIED, with prejudice, and Petitioner is required to comply with the Court's order within **thirty (30) days** from the date of service of this order or this action will be dismissed for failure to state a cognizable claim under section 2254.

IT IS SO ORDERED.

**Dated:   February 18, 2010**                         /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE